Bolster, C. J.
The trial judge has assumed to report a ruling on evidence, and both parties have argued that question on its merits. That ruling is not reviewable and the judge lacked power to report it. The docket entries show a trial on February 4, 1938. No request for any report was filed in the clerk’s office until F'ebruary 25. Gen. Laws, Ch. 231, sec. 108 was not complied with, nor was Stat. 1933, Ch. 255.
The only other point argued was the refusal of the first request, that the evidence warranted findings for the several plaintiffs. It is pretty plain that it did, but the question now is whether the refusal of the requests was prejudicial. There may be cases like Bresnick v. Heath, A. S. 1935, p. 2297, in which a court of review is unable to say that error of law has not tainted the finding. It does not follow that whenever such a ruling is refused, though wrongly, there must be a re-trial, no matter how plainly it may appear that the decision turned on pure issues of fact not related to the ruling. If, for example, in a suit on a note, such a ruling is refused, but the judge, on conflicting evidence, specifically finds that the note was forged or had been paid, reversal would be absurd. So also, if in an action for assault and battery it is specifically found that the defendant acted in self-defence, or that the plaintiff was mistaken in identifying the defendant as his assailant. It depends on.the case, as shown by the whole report, whether the error did harm, and it is obvious that the chance of harm is greater when the finding is a general one than it is where the facts leading to decision are particularly stated. In the present cases there is a finding that the defect causing the injuries existed at the time the premises were let. That is a pure issue of fact, of physical con *214 ditions, found against the plaintiffs, and barring their claims. Refusal to rule that the evidence permitted him to find the opposite of what he did find does not mean that in making the finding recited he was acting in response to his denial of the request. On the contrary, it seems plain that he denied the request just because of those findings. Such a putting of the cart before the horse is permissible in jury-waived eases, and to force the analogy of the jury trial at all times merely leads to setting up a ritual, cf. Smith v. McKenna, App. Div. No. 33460 (50-381).
Report dismissed.